## Opinion of the Justices to the Senate and the House of Representatives.

*Constitutional Law,* Reapportionment of districts.   *General Court.*

In a bill pending before the General Court in 1963 to apportion the members of the House of Representatives among the counties, and to establish boards of special commissioners to divide the counties, on the basis of the 1955 special enumeration of voters, it would not be constitutional to fix January 1, 1967, as the effective date of such proposed legislation, thus delaying still further action by the General Court already long overdue under art. 21 of the Amendments of the Massachusetts Constitution, as appearing in art. 71, until a time after the 1964 and 1966 elections and when the apportionment process on the basis of the 1965 special enumeration ought to be under way.

On July 8, 1963, the Justices submitted the following answer to a question propounded to them by the Senate and the House of Representatives.

To the Honorable the Senate and the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question in an order adopted by the House of Representatives on June 24, 1963, and by the Senate on July 2, 1963, and transmitted to us on July 3, 1963. The order recites the pendency before the General Court of a bill, printed in House No. 3546, entitled, "An Act apportioning representatives to the several counties of the commonwealth and establishing boards of special commissioners to divide such counties as are entitled to more than one representative into representative districts and to assign representatives thereto," a copy of which was transmitted with the order.   House No. 3546 is the preliminary report of the special legislative committee on redistricting.

The bill is in four sections.   Section 1 amends G. L. c. 57, § 4 (as amended through St. 1947, c. 182), by striking it out and inserting a new § 4, which reads, "The two hundred and forty members of the house of representatives are apportioned to the several counties, as existing at the time as of which the special enumeration of legal voters in the municipalities thereof was taken in the year nineteen hun-

dred and fifty-five, agreeably to the constitution, until the next decennial apportionment, as follows: '' Here appear the numbers of representatives proposed for each county. Section 2 provides for a bipartisan board of special commissioners in each county other than the counties of Dukes County and Nantucket, to divide the respective counties. Section 3 confers upon the Supreme Judicial Court jurisdiction of any petition for a writ of mandamus relative to the division of a county and the assignment of representatives. Section 4 reads, "This act shall take effect on January first, nineteen hundred and sixty-seven.''

The order recites, "Grave doubt exists as to the constitutionality of said bill, if enacted into law.''

The question is: "Is it constitutionally competent for the General Court to provide in Section 4 of said bill that 'This act shall take effect on January first, nineteen hundred and sixty-seven' in view of the provisions of Article XXI of the Amendments to the Constitution of Massachusetts, as appearing in Article LXXI of said Amendments which in part requires that the house of representatives 'shall be apportioned by the general court, at its first regular session after the return of each special enumeration, to the several counties of the commonwealth, equally, as nearly as may be, according to their relative numbers of legal voters, as ascertained by said special enumeration;?' ''

Article 21 as amended by art. 71, which was adopted on November 4, 1930, also provides in part: "In the year nineteen hundred and thirty-five and every tenth year thereafter a census of the inhabitants of each city and town shall be taken and a special enumeration shall be made of the legal voters therein. . . . Each special enumeration shall be the basis for determining the representative districts for the ten year period beginning with the first Wednesday in the fourth January following said special enumeration . . . .''

Article 71 further amended art. 22 by making similar provisions relating to the determination of senatorial and councillor districts. These were reapportioned on the basis of the special enumeration of 1955, but not until St. 1960,

c. 432. In *Lamson* v. *Secretary of the Commonwealth,* 341 Mass. 264, we rejected a contention that the reapportionment would have to take place only at the "first regular session after the return" (p. 268). At page 270, we said, "The manifest object of art. 22 is reapportionment promptly after the enumeration. This object belies a construction which would permit a single session of the General Court by its inaction to end the right of the people to any reapportionment following a special enumeration. The Constitution does not contemplate that the Legislature, by failing to act when it should, can impose on the people for ten years an apportionment which changes in population have made unequal and hence constitutionally inappropriate."

This language applies with equal force to the existing situation as to redistricting the House of Representatives. The only distinction is that the legislative default in violation of art. 21, as amended by art. 71, has continued three years longer. In belated recognition of its constitutional obligation the Legislature may not constitutionally provide that its overdue action shall be still further delayed by deferring compliance for three and one-half years additional following two more elections in 1964 and 1966.

A further objection to making January 1, 1967, the effective date is that at that time the apportionment process stemming from the enumeration of 1965 should be under way. If the bipartisan boards of special commissioners to be created under § 2 of the bill are not to be appointed by the Governor before January 1, 1967, the new divisions into districts should not be made, as the bill proposes, upon the basis of the enumeration of 1955.

We answer the question, "No."

> RAYMOND S. WILKINS
> JOHN V. SPALDING
> ARTHUR E. WHITTEMORE
> R. AMMI CUTTER
> PAUL G. KIRK
> JACOB J. SPIEGEL
> PAUL C. REARDON