OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* General Court, Representative districts.   *General Court.*

After the General Court by St. 1963, c. 666, had apportioned the members of the House of Representatives among the counties on the basis of the 1955 special enumeration of voters, and boards of special commissioners established by c. 666 had divided the counties into representative districts and assigned representatives thereto and had made their returns, it would be beyond the power of the General Court to enact legislation making the same apportionment of the members of the House among the counties on the basis of the 1955 enumeration but establishing new boards of special commissioners to divide the counties into representative districts and assign representatives thereto again.

On February 10, 1964, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order adopted by the House on February 4, 1964, and submitted to us on February 6. The order refers to House No. 2866 now pending before the House and entitled, ''An Act apportioning representatives to the several counties of the commonwealth and establishing boards of special commissioners to divide such counties as are entitled to more than one representative into representative districts and to assign representatives thereto.''

The bill in § 1 seeks to amend G. L. c. 57 by striking out § 4, as most recently amended by St. 1963, c. 666, § 1, and by inserting a new section. The new section is word for word identical with § 4, as appearing in c. 666, § 1. It apportions the 240 House members by numbers among the fourteen counties upon the basis of the special enumeration of legal voters made in 1955.

Section 2 establishes in each county, except the counties of Dukes County and Nantucket, a bipartisan board of five special commissioners to be appointed by the Governor to divide the county into representative districts, to assign representatives, and to make return in accordance with art. 21 of the Amendments to the Constitution of the Commonwealth, as appearing in art. 71 of the Amendments. Section 2 of the bill is identical with § 2 of c. 666 except that not more than three special commissioners are to be members of the same political party and the return of each board is to be filed by March 1, 1964, instead of by October 15, 1963.

Sections 3 and 4 of the bill are the same as §§ 3 and 4 of c. 666. Section 3 confers upon the Supreme Judicial Court jurisdiction of any petition for a writ of mandamus to enforce § 2. Section 4 provides that the bill shall take effect upon its passage, and that the existence of each board shall terminate when its purposes have been fully accomplished.

The order contains these recitals:

"*Whereas*, Said bill amends chapter 666 of the acts of 1963 by changing the apportionment of the two hundred and forty members of the House of Representatives to the several counties based on the special enumeration of legal voters in the municipalities thereof taken in the year nineteen hundred and fifty-five and provides for the appointment of a board of special commissioners in each county, except Dukes and Nantucket, to divide each such county into representative districts and assign representatives thereto based on such apportionment as changed; and

"*Whereas*, By chapter 666 of the acts of 1963 the General Court made an apportionment of the representatives to the several counties based on said enumeration and provided for the appointment of such boards of special commissioners; and

"*Whereas*, Such boards of special commissioners were appointed, divided the respective counties into representative districts and assigned representatives thereto, and made returns thereof all in accordance with the provisions of the Constitution and said chapter 666; and

"*Whereas,* Grave doubt exists as to the constitutionality of said bill, if enacted into law."

The question is:

"Is it constitutionally competent for the General Court to amend a law apportioning the two hundred and forty members of the house of representatives to the several counties on the basis of the special enumeration of legal voters in the municipalities thereof taken in the year nineteen hundred and fifty-five particularly in view of the fact that the respective counties have been divided into representative districts and representatives assigned thereto?"

Article 71, which was adopted by the people at the State election in 1930, provides in part: "In the year nineteen hundred and thirty-five and every tenth year thereafter a census of the inhabitants of each city and town shall be taken and a special enumeration shall be made of the legal voters therein. . . . Each special enumeration shall be the basis for determining the representative districts for the ten year period beginning with the first Wednesday in the fourth January following said special enumeration . . . . The house of representatives shall consist of two hundred and forty members, which shall be apportioned by the general court, at its first regular session after the return of each special enumeration, to the several counties of the commonwealth, equally, as nearly as may be, according to their relative numbers of legal voters, as ascertained by said special enumeration . . . . The county commissioners or other body acting as such or, in lieu thereof, such board of special commissioners in each county as may for that purpose be provided by law, shall . . . assemble at a shire town of their respective counties, and proceed, as soon as may be, to divide the same into representative districts of contiguous territory and assign representatives thereto, so that each representative in such county will represent an equal number of legal voters, as nearly as may be . . . . The districts in each county shall be numbered by the board creating the same, and a description of each, with the numbers thereof and the number of legal voters therein, shall be

returned by the board, to the secretary of the common-
wealth, the county treasurer of such county, and to the
clerk of every city or town in such county, to be filed and
kept in their respective offices. . . ."

The boards of special commissioners were constitutional
officers, and their returns made in accordance with the Con-
stitution and St. 1963, c. 666, cannot be set aside and new
reapportionments ordered by the Legislature as House
No. 2866 proposes. The way to this result is clearly indi-
cated in *Opinion of the Justices,* 10 Gray, 613, where under
art. 21, as it then stood, the views were expressed that the
mayor and aldermen of Boston in the county of Suffolk and
the county commissioners in other counties were empowered
to apportion the number of representatives assigned to the
respective counties and to form the districts, and that their
acts were conclusive and not subject to revision by the
House of Representatives in the judging of the returns of
elections and qualifications of its members. At page 621, it
was said: "The districts in each county shall be numbered
by the board, and a description of each, so numbered, with
the number of legal voters in such county, shall be returned
by the board to the secretary of the Commonwealth, the
county treasurer of each county, and the clerk of every town
in each district, to be filed and kept in their respective of-
fices. Here, then, is the purpose for which these returns
are to be made: not for revision or correction, not for ac-
ceptance or rejection, or recommitment, but for preserva-
tion and information; a final act, determining the rights of
all parties concerned, and in effect standing as part of the
Constitution during the decennial period."

The same conclusion, significantly, had been reached by
the Committee on Elections of the House of Representa-
tives. See *Lothrop, Petitioners,* Loring and Russell, Re-
ports of Controverted Elections, p. 49, where it was said at
pp. 55–56, "It seems to the committee that the design of the
article of amendment under consideration was to provide,
that at the commencement of each decennial period, the
State should be divided into districts and the two hundred

and forty members of the house of representatives apportioned among such districts, that such division and apportionment should remain fixed and unalterable during such decennial period, and that the duty of making such permanent division and apportionment should be intrusted to the discretion of the mayor and aldermen of the city of Boston and the county commissioners of other counties than Suffolk, or such board of special commissioners as might be provided by law. No power is reserved to any other tribunal to make any new division or apportionment, and it would seem that no other tribunal can do so without usurping powers not conferred upon it by the Constitution. If this house may make any change in the division and apportionment, upon the same principles, every house during the decennial period may do the same, and thus the distribution of representatives, instead of being fixed and permanent, would be fluctuating and uncertain, and the manifest design of the Constitution be contravened." After the *Opinion of the Justices,* 10 Gray, 613, *supra,* the House accepted the report of the committee.

In *Lamson* v. *Secretary of the Commonwealth,* 341 Mass. 264, which dealt with reapportionment of the Senate under art. 22, as amended by art. 71, it was said, at page 273, that "the Constitution contemplates that each reapportionment will continue for ten years and that there will be a period of at least two years between the act of reapportionment and its effective date. See Report of the Joint Special Committee on Election Laws, 1928 House Doc. No. 28, pp. 36 et seq." See *Opinion of the Justices,* 346 Mass. 791.

We answer the question, "No."

RAYMOND S. WILKINS
JOHN V. SPALDING
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
JACOB J. SPIEGEL
PAUL C. REARDON